```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
UNITED STATES OF AMERICA,       :
                                :    No. 96 Cr. 126 (JFK)
    -against-                   :    No. 16 Civ. 4520 (JFK)
                                :
TYRONE SANTOS,                  :    OPINION & ORDER
                                :
            Defendant.          :
------------------------------ X
```

APPEARANCES

FOR DEFENDANT TYRONE SANTOS:
    Julia L. Gatto
    FEDERAL DEFENDERS OF NEW YORK, INC.

FOR THE UNITED STATES OF AMERICA:
    Danielle M. Kudla
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant-Petitioner Tyrone Santos' motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Santos' motion is DENIED.

    **I.  Background**

On January 21, 1997, Santos and nineteen others were charged with a series of federal racketeering offenses related to their participation in the Velasquez Organization. (ECF No. 85, ¶¶ 1-52.) Santos was charged with six counts, including one count of conspiracy to commit assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) ("Count Nine"); one count of assault in aid of racketeering, in violation of 18 U.S.C. §

1959(a)(3) and 2 ("Count Ten"); one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) ("Count Eleven"); one count of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and 2 ("Count Twelve"); one count of carrying a firearm during and in relation to a crime of violence, specifically, "the assault . . . [and] conspiracy to assault [in aid of racketeering] charged in Counts 9 and 10," in violation of 18 U.S.C. § 924(c) and 2 ("Count Eighty-Nine"); and one count of carrying a firearm during and in relation to a crime of violence, specifically, "the murder . . . and conspiracy to murder [in aid of racketeering], charged in . . . Counts 11 and 12," in violation of 18 U.S.C. § 924(c) and 2 ("Count Ninety").  As relevant here, Counts Eleven, Twelve, and Ninety related to the murder of Fausto Montana.

On August 28, 1997, Santos pled guilty, pursuant to a plea agreement, to Count Nine (conspiracy to commit assault in aid of racketeering), Count Eleven (conspiracy to commit murder in aid of racketeering), and Count Ninety (use of a firearm during and in relation to a crime of violence).

During his plea allocution, the following exchange took place between Santos and the Court:

> THE COURT: How was [Fausto Montana] murdered? Was he shot?
> DEFENDANT: Yes, he was.

>     THE COURT: He was in the auto shop?
>     DEFENDANT: Yes.
>     THE COURT: This was in April of 1991?
>     THE DEFENDANT: Yes.
>     THE COURT: About how many times did you shoot him?
>     THE DEFENDANT: One time.
>     THE COURT: In the head?
>     THE DEFENDANT: Yes.

(Plea. Tr. at 23:11-21, ECF No. 821:2) (emphasis added.)  Later on in the hearing, Santos acknowledged that Count Ninety was predicated on both conspiracy to commit murder and substantive murder:

>     THE COURT: Count Ninety of the Indictment charges that back around April 12 of 1991 you used a firearm and carried a firearm in relation to the murder and the conspiracy to murder Mr. Montana. From what you told me in the plea of guilty to Count Eleven, it is clear you carried a gun to the scene of the crime. Is that right?
>     DEFENDANT: Yes.

(Plea. Tr. at 25:1-9, ECF No. 821:2.)

On June 15, 2016, Santos filed a motion to vacate his § 924(c) conviction under Count Ninety based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which held that the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. (ECF No. 196.)  Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc.

3

217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Santos' § 2255 motion pending the disposition of certain cases addressing the constitutionality of § 924(c). (ECF No. 788.)

On June 3, 2020, the Court directed the Government to file a letter addressing whether the stay should be lifted in light of the Second Circuit's decisions in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019), and United States v. Barrett, 937 F.3d 126 (2d Cir. 2019). (ECF No. 813.)  In response, the Government asked the Court to lift the stay and set a briefing schedule for consideration of Santos' motion. (ECF No. 818.)  On June 17, 2020, the Court ordered the Government to file an answer to Santos' motion within sixty days. (Id.)  The Court provided Santos with thirty days from receipt of the Government's answer to file a response, if any. (Id.)

On August 7, 2020, the Government filed a letter in opposition and argued that Santos' motion should be denied because (1) Santos' claims are procedurally defaulted and (2) his § 924(c) conviction remains valid because it was predicated on both murder and conspiracy to commit murder, and murder remains a valid predicate offense under § 924(c). (ECF No. 821, pp. 6-11.)  Santos did not file a response to the Government's letter.  For the reasons that follow, the Court concludes that

Santos' § 924(c) claim is meritless and, as a result, the Court does not address whether the claim is procedurally defaulted.

## II. Discussion

### A. Legal Standard

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

18 U.S.C. § 924(c) imposes a mandatory, consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

In United State v. Davis, --- U.S. ---, 139 S. Ct. 2319, 2324 (2019), the United States Supreme Court struck down the so-called "risk-of-force clause" or "residual clause" of § 924(c)(3)(B) as unconstitutionally vague.  As a result, a § 924(c) conviction remains valid only if the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).  "Following Davis, a mere conspiracy to commit a crime of violence will ordinarily fail to qualify under [§] 924(c)'s force clause." United States v. Erbo, No. 08 CIV. 2881 (LAP), 2020 WL 6802946, at *2 (S.D.N.Y. Nov. 19, 2020)(citing United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019)).

**B. Analysis**

In the present case, the Government concedes that conspiracy to commit murder is no longer a "crime of violence" within the meaning of § 924(c) following the Supreme Court's decision in Davis.  (ECF No. 821, p. 9.)  The Government argues that Santos' § 924(c) conviction remains valid, however, because it was predicated on both murder and conspiracy to commit murder, and murder remains a "crime of violence" within the meaning of § 924(c). (Id.)  The Court agrees.

"Courts in the Second Circuit have consistently held that a § 924(c) conviction may survive even when one of multiple

6

predicates has been invalidated." United States v. White, No. 16 Cr. 82 (VEC), 2020 WL 5898680, at *4 (S.D.N.Y. Oct. 5, 2020). This is true so long as "[t]he alternative predicate . . . [is] supported by a sufficient factual basis in the record, demonstrating that the defendant, in fact, committed the predicate offense." Id. (citing Johnson v. United States, 779 F.3d 125, 129 (2d Cir. 2015)).

The courts of this district have also consistently held that "intentional murder in aid of racketeering in violation of 18 U.S.C. § 1959(a) is, categorically, a crime of violence under § 924(c)(3)(A) . . . ." United States v. Varona, No. 1:16-CV-4664-PAC, 2021 WL 2873793, at *5 (S.D.N.Y. July 8, 2021); see United States v. Gomez, No. 97-CR-696 (SHS), 2021 WL 3617206, at *5 (S.D.N.Y. Aug. 16, 2021); see also Boykin v. United States, No. 16-Cv-4185 (CM), 2020 WL 774293, at *7 (S.D.N.Y. Feb. 18, 2020); United States v. Erbo, No. 08-Cv-2881 (LAP), 2020 WL 6802946, at *3 (S.D.N.Y. Nov. 19, 2020).

Based on the record before the Court, there is a sufficient factual basis to support a finding that Santos committed murder in aid of racketeering while using a firearm. During his plea allocution, Santos admitted that he shot Fausto Montana in the head at the behest of the Velasquez Organization. (Plea. Tr. at 23:11-21, ECF No. 821:2.) When asked by the Court if he "used a firearm and carried a firearm in relation to the murder and the

7

conspiracy to murder Mr. Montana," Santos answered "Yes." (Plea Tr. at 25:1-9, ECF No. 821-2.)

Accordingly, because Santos' § 924(c) conviction was predicated on substantive murder, and murder is a "crime of violence" within the meaning of § 924(c)(3)(A), Santos' motion to vacate his § 924(c) conviction and sentence is without merit.

### III. Conclusion

For the reasons set forth above, Defendant Tyrone Santos' motion to vacate, set aside, or correct his sentence is DENIED.

The Court declines to issue a certificate of appealability because Santos has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion & Order by Santos would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions docketed at ECF No. 779 in criminal case 96-CR-00126-JFK-4 and close civil case 16-CV-04520-JFK.

**SO ORDERED.**

Dated:  New York, New York
        September 29, 2021

_____
John F. Keenan
United States District Judge